IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| HUGO ALBERTO FERRIOLE, #39853-177 | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv152 |
| | | CRIMINAL NO. 4:09CR00023-009 |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

Petitioner Hugo Alberto Ferriole, a prisoner confined at F.C.I. El Reno, brings this motion to vacate, set aide or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation (Dkt. #6) concluding that the motion should be denied. Ferriole has filed objections (Dkt. #8).

Ferriole is in custody pursuant to a conviction for the offense of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On November 1, 2011, after a plea of guilty, he was sentenced to 120 months of imprisonment. The judgment was formally entered on November 4, 2011. Ferriole did not file a direct appeal.

Ferriole argues that he is entitled to relief because he improperly received a two point enhancement under U.S.S.G. § 2D1.1(b)(1). PSR ¶ 23. He is seeking relief based on an extension of the Supreme Court's reasoning in *Johnson v. United States*, 135 S. Ct. 2552 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), to the United States Sentencing Guidelines. The present § 2255 motion was filed on February 26, 2017. Just days later, on March 6, 2017, the Supreme Court declined to extend the reasoning in *Johnson* to the United States Sentencing Guidelines.

*Beckles v. United States*, 137 S. Ct. 886, 895 (2017) ([T]he advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause"). The present motion lacks merit in light of *Beckles*. Ferriole's arguments to the contrary in his objections lack merit.

Magistrate Judge Nowak specifically found that the present motion is time-barred. Under 28 U.S.C. § 2255(f)(1), a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction. Ferriole's conviction became final on November 18, 2011. The present § 2255 motion was due no later than November 18, 2012. It was not filed until more than four years later on February 26, 2017. Ferriole argues that the one year limitations provision in this case should be governed by § 2255(f)(3), which states that the limitations period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court, however, declined to extend the reasoning in *Johnson* to the United States Sentencing Guidelines in *Beckles*. Ferriole stresses in his objections that the Supreme Court observed that the holding does not render sentencing procedures entirely immune from scrutiny under the Due Process Clause. *Beckles*, 137 S. Ct. at 896. The Supreme Court, however, did not recognize a right to challenge the Sentencing Guidelines or make the right retroactively applicable to cases on collateral review; instead, the Court merely left open the possibility of challenging sentencing procedures. The Supreme Court did not issue a decision triggering the provisions of § 2255(f)(3), as opposed to § 2255(f)(1). Ferriole's arguments to the contrary lack merit. The present § 2255 motion is time-barred and devoid of merit.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having

made a *de novo* review of the objections raised by Ferriole to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Ferriole's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that Ferriole's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All other motions not previously ruled on are hereby **DENIED**.

**SIGNED this the 3rd day of May, 2017.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE